NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MAJETTE,<br><br>Defendant. | Civ. No. 13-7238<br><br>**OPINION** |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the Motion of Plaintiff United States of America for Default Judgment granting the Government a permanent injunction against Defendant Eric Majette. (Doc. No. 6). Defendant has not opposed the motion. The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will grant Plaintiff's Motion.

## BACKGROUND

      This case involves a tax fraud scheme, in which Defendant, a tax preparer, prepared and filed false federal income tax returns on behalf of his customers. Defendant is currently incarcerated, having pled guilty to two tax fraud offenses. Plaintiff seeks a permanent injunction prohibiting Defendant from preparing income tax returns for others pursuant to 26 U.S.C. §§ 7402, 7407, and 7408.

      From 2006 to 2011, Defendant, as owner of the Berrisford Group, filed U.S. Individual Income Tax Returns (Form 1040) that contained false or inflated tax deductions and credits on

1

behalf of his customers. (Doc. No. 1 ¶¶ 6-7). In addition, he directed his customers to submit false documents to the IRS, including, but not limited to, false and fraudulent charitable contribution receipts in response to IRS audits. (*Id.* ¶ 8). Between 2009 to 2012, Majette filed 1,853 tax returns for his customers, and approximately 93 percent of these claimed tax refunds. (*Id.* ¶ 10). The IRS examined 428 of these returns and found that they collectively understated their correct tax liabilities by $838,837, or approximately $1,960 per return. (*Id.*). Thus, the estimated harm caused by Defendant's fraudulent tax scheme is $3,377,648. (*Id.*). In addition, because the tax returns claimed refunds that his customers were not entitled to, many of his customers are now indebted to the United States for income tax deficiencies, including penalties and interest. (*Id.* ¶ 11).

On April 9, 2013, Defendant pled guilty to one count of aiding and assisting in the preparation of false tax returns pursuant to 26 U.S.C. § 7206(2) and one count of corrupt endeavor to obstruct and impede the IRS pursuant to 26 U.S.C. § 7122(a). (*Id.* ¶ 14). On October 17, 2013, Defendant was sentenced to 30 months incarceration, with one year of probation upon release and was ordered to pay $123,440 in restitution. (*Id.*). During the allocution stage of the sentencing, Defendant admitted under oath that: (1) he aided and assisted in the preparation of a false 2005 U.S. Individual Income Tax Return (Form 1040); (2) on that return, he falsely claimed deductions and credits for customers; (3) he knew that each amount reported on his customers' tax returns was materially false; and (4) he knew and believed that the false information would be underreported in the Form 1040 that he prepared and filed on behalf of one of his customers. (*Id.* ¶¶ 15-17).

On December 3, 2013, Plaintiff filed this action seeking to permanently enjoin Defendant from, among other things, directly or indirectly assisting, advising, or filing federal tax returns

for any person other than himself and his legal spouse. (*Id.* at 1-2). The Defendant was served with process on February 7, 2014, but has not answered or otherwise responded to the Complaint. (Doc. No. 4). On March 4, 2014, the clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). (Clerk's Entry, March 4, 2014). On June 13, 2014, Plaintiff filed a Motion for Default Judgment. (Doc. No. 6). The Court granted Defendant 30 days to respond. (Doc. No. 8). Subsequently, Defendant filed a Motion to Appoint Counsel, which was denied by the Court. (Doc. No. 9, 11). Defendant has not filed any opposition to default judgment.

## DISCUSSION

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter default judgment against a properly served defendant who fails to file a responsive pleading. *See E.A. Sween Co. v. Deli Exp. Of Tenafly, LLC*, No. 13-6337 KM MCA, 2014 WL 1911878, at *3 (D.N.J. May 13, 2014) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985). The decision to enter a default judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citations omitted). The Court must accept the well-pleaded factual allegations of the Complaint, but need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Before entering default judgment, the Court must assess whether the "unchallenged facts constitute a legitimate cause of action" that would justify a default judgment. *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). In addition, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. *See*

*Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

    B.  Analysis

Plaintiff seeks an injunction pursuant to 26 U.S.C. §§ 7402, 7407, and 7408. Section 7402 broadly authorizes injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Plaintiff must establish three elements to obtain an injunction pursuant to § 7407: (1) the defendant must be a tax preparer; (2) the conduct alleged must fall within one of the four categories proscribed by 26 U.S.C. § 7407(b)(1)(A)-(D); and (3) the court must find that an injunction is appropriate to prevent recurrence of the proscribed conduct. *See U.S. v. Franchi*, 756 F. Supp. 889, 891 (W.D. Pa 1991) (citing *U.S. v. Ernst & Whinney*, 735 F.2d 1296, 1303 (11th Cir. 1984). To grant an injunction pursuant to § 7408, the court must find that (1) defendant engaged in prohibited conduct under § 7408(c) and (2) injunctive relief is appropriate to prevent the recurrence of such conduct. *See U.S. v. James*, No. 11-913, 2011 WL 1422894, at *1 (E.D. Pa Apr. 13, 2011).

First, it is undisputed that Defendant is a tax preparer under § 7407. He admitted during the October 17, 2013 sentencing that he prepared and filed U.S. Individual Income Tax Returns (Form 1040) on behalf of his clients. (Doc. No. 1 ¶ 15). Second, Plaintiff has also engaged in conduct prohibited under both § 7407(b)(1) and § 7408(c). These subsections target conduct prohibited by 26 U.S.C. § 6694 and 26 U.S.C. § 6701, respectively. 26 U.S.C. § 6694(b) imposes penalties on tax return preparers who prepare a return or claim of refund that contains a willful or reckless understatement of liability. 26 U.S.C. § 6701(a) penalizes any person who aids or assists in the preparation of a return, knows that the return will be used "in connection with any material matter arising under the internal revenue laws," and knows that such a return

would result in the understatement of tax liability of another person.  At his October 17, 2013 sentencing, Defendant admitted that he knew the tax returns he prepared for his clients understated their tax liabilities.  (Doc. No. 1 ¶¶ 15-17).  He admitted that he knew the returns contained materially false statements claiming deductions to which his clients were not entitled.  (*Id*.).  Therefore, Plaintiff has shown that Defendant engaged in prohibited conduct under both § 7407(b)(1) and § 7408(c).  Third, the facts in the Complaint demonstrate that an injunction is appropriate to prevent recurrence of Defendant's prohibited conduct.  Defendant has prepared and filed 1,723 tax returns.  (*Id.* ¶ 10).  In at least 428 of these returns, Defendant has understated his customers' tax liabilities.  (*Id.*).  In light of the high volume of false returns filed by Defendant, coupled with the fact that Defendant will be prohibited from preparing tax returns for others for only one year after his release from prison, an injunction is necessary to prevent Defendant from continuing to file fraudulent tax returns.

In addition to establishing the statutory requirements for an injunction, Plaintiff has also satisfied the equitable factors for an injunction.  These criteria include: "(1) the likelihood that the moving party will succeed on the merits, (2) the extent to which the moving party will suffer irreparable harm without injunctive relief, (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued, and (4) the public interest."  *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009).

Here, Plaintiff has shown a high likelihood of success on the merits given Defendant's prior guilty plea and the large volume of fraudulent tax returns filed.  Plaintiff has demonstrated irreparable harm in light of the fact that Defendant's actions have already caused the United States to lose an estimated three million dollars and that Defendant is not prevented from preparing tax returns for others during his period of incarceration or after his one-year period of

supervised release.  In addition, the balancing of hardships weigh in Plaintiff's favor.  With the IRS's limited resources, it cannot audit or otherwise monitor all future tax returns filed by Defendant, especially given the large volume of returns previously prepared by Defendant.  In light of Defendant's demonstrated ability and willingness to commit tax fraud on a large scale, any hardship to Defendant caused by the injunction would be outweighed by the serious risk of harm faced by Plaintiff in the absence of an injunction.  The last factor, the public interest, also favors an injunction.  Defendant's illegal conduct undermines the tax system and has harmed not only the Government, but also Defendant's customers, as they now owe significant income tax deficiencies, including penalties and interest.  Thus, all equitable factors support an injunction.

Finally, a default judgment granting a permanent injunction is appropriate because all three elements for a default judgment have been established.  First, in light of Defendant's extensive history of filing fraudulent tax returns, the limited resources of Plaintiff to monitor future tax filings prepared by Defendant, and litigation costs associated with pursuing its claim, Plaintiff suffers prejudice if default is not granted.  Second, Defendant has not asserted any meritorious defenses, nor can the Court discern any from the record.  And third, while Defendant's ability to respond to the action is more limited given his incarceration, nearly a year has elapsed since the filing of Plaintiff's Complaint, and five months have elapsed since Plaintiff's Motion for Default Judgment was filed.  Defendant has not filed an objection to the Motion.[1]  Absent any evidence to the contrary, Defendant's failure to timely respond evinces

---

[1] After Plaintiff filed a Motion for Default Judgment on June 13, 2014, Defendant requested 90 days to file an objection.  (Doc. No. 7).  The Court denied the request on July 8, 2014, allowing 30 days to file an objection.  (Doc. No. 8).  On August 11, 2014 Defendant filed a Motion to Appoint Counsel.  (Doc. No. 9).  This Motion was denied on September 22, 2014 and 30 additional days were given for Defendant to file any response to the Motion for Default Judgment.  (Doc. No. 11).

culpability in its default.  *See E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, No. 13-6337 KM MCA, 2014 WL 1911878, at *11 (D.N.J. May 13, 2014).  Therefore, all factors support entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## CONCLUSION

      For the reasons above, the Court will grant Plaintiff's Motion for Default Judgment and issue a permanent injunction against Defendant.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.